# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 08 CR 50043 |
| | ) | |
| Christopher A. Jansen, | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's "request for documents subpoena to Michael Love, Assistant U.S. Attorney relating to meetings and notes with Jeffrey B. Steinback" [350] is denied.

## STATEMENT

    Defendant seeks the issuance of a subpoena to AUSA Love requiring him to produce his notes and calendar entries related to meetings he and others had with Jeffrey Steinback in 2008 including but not limited to notes reflecting what Steinback said about his health prior to defendant's guilty plea on October 17, 2008. The government opposes the motion arguing that (1) the subpoena is directed at the wrong party because the material sought, if it exists, belongs to the U.S. Department of Justice ("DOJ"), not Love, and therefore a subpoena would have to be directed to the DOJ and comply with the Touhy regulations; (2) defendant has sought and been denied these materials on four prior occasions and has yet to show that the material must be produced; and (3) defendant has had multiple opportunities to learn what was said during these meetings when he examined Agents Dalide and Daley as well as Steinback.

    The government's argument that the requested subpoena is directed at the wrong party is well-taken. Defendant's request also comes inexplicably late during the period in which the instant motion has been and continues to be litigated. Defendant first informed the court that he intended to move to withdraw his guilty plea in March 2012. On May 23, 2012, this court ordered the government to provide defendant with copies of its correspondence with defendant's former counsel. Defendant filed his motion to vacate guilty plea on July 6, 2012, such that it has been pending for over two years and he has amended his motion multiple times. The on-going evidentiary hearing on defendant's motion commenced on November 16, 2012, nearly two years ago. Plaintiff has been aware of Steinback's meetings with the government since the meetings occurred in 2008. Moreover, defendant had a more than adequate opportunity to ask Agents Dalide and Daley, as well as Steinback, about the content of these meetings (and the status of his health in 2008). In short, plaintiff's request for additional materials will not be granted at this late date.

    Putting the untimeliness of plaintiff's request aside, as with his multiple previous requests

for counsel's and investigators' notes, defendant has failed to establish that the materials are subject to disclosure under Brady, Giglio, the Jencks Act, or any other authority. As this court wrote in its order of October 5, 2012:

> As for defendant's motion to turn over government documents and investigators' notes, the court has previously denied at least three motions seeking these and other documents and denied subsequent motions to reconsider. Without a compelling reason, the court will not alter its previous rulings, see United States v. Harris, 531 F.3d 507, 513 (7th Cir. 2008) ("Under the law of the case doctrine, a court generally should not reopen issues decided in earlier stages of the same litigation."), and defendant has provided none. Thus, defendant's motion to turn over government documents and investigators' notes is denied.

This circumstance of over two years ago remains the circumstance today. Defendant's motion is denied.

Date: 11/4/2014                    ENTER:

                                   _____
                                   FREDERICK J. KAPALA

                                   District Judge