# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 08 CR 50043 |
| | ) | |
| Christopher A. Jansen, | ) | |
| | ) | |
|     *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's amended motion to compel appearance of AUSA Love as a witness [380] is denied. The parties are directed to contact the courtroom deputy to schedule the next date for continued hearing on defendant's motion to withdraw his plea of guilty.

## STATEMENT

On September 11, 2008, the government filed a two-count information charging defendant, Christopher A. Jansen, with wire fraud, 18 U.S.C. § 1343, and income tax evasion, 26 U.S.C. § 260. On October 17, 2008, while represented by attorney Jeffrey B. Steinback, defendant waived his right to a grand jury indictment and pleaded guilty to both counts. The evidentiary hearing on defendant's motion to withdraw his guilty plea on grounds of prosecutorial misconduct, breach of plea agreement, and ineffective assistance of counsel is on-going. Defendant bears a heavy burden of proof on his motion to withdraw his plea of guilty. United States v. Mays, 593 F.3d 603, 607 (7th Cir. 2010).

Defendant has filed an amended motion seeking to call Assistant United States Attorney Michael Love, the attorney for the government assigned to prosecute this case, as a witness. Defendant has advanced multiple reasons why he believes he should be allowed to call Love as a witness. The government has filed a response contending that defendant has failed to meet his burden with respect to any of the areas of testimony he seeks to compel, and defendant has filed a reply. For the reasons that follow, defendant's amended motion to compel appearance of Love as a witness is denied.

It is improper for an Assistant United States Attorney to appear as a witness in a case he or she is prosecuting absent extraordinary circumstances. United States v. Trapnell, 638 F.2d 1016, 1025 (7th Cir. 1980). The Seventh Circuit, as well as other circuits, have universally recognized that a defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate need for the testimony. See, e.g., Riddle v. Cockrell, 288 F.3d 713, 721 (5th Cir. 2002); United States v. Regan, 103 F.3d 1072, 1083 (2d Cir. 1997); United States v. Watson, 952 F.2d 982, 986 (8th Cir. 1991); United States v. Roberson, 897 F.2d 1092, 1098 (11th Cir. 1990); United States

v. Troutman, 814 F.2d 1428, 1439 (10th Cir. 1987); United States v. Tamura, 694 F.2d 591, 601 (9th Cir. 1982); United States v. Johnston, 690 F.2d 638, 642 n.10, 644 (7th Cir. 1982) (en banc); United States v. Birdman, 602 F.2d 547, 553 (3d Cir. 1979). The same standard applies whether the defendant attempts to call the prosecutor at trial or at a motion hearing. See Johnston, 690 F.2d at 644 (applying compelling and legitimate need standard in context of pre-trial motions to suppress); United States v. Dempsey, 740 F. Supp. 1295, 1297 (N.D. Ill. 1990) (same).

The Seventh Circuit shed light on the meaning of "compelling and legitimate need" in United States v. Dack where the Court summarily rejected the argument that the district court erred in quashing a subpoena compelling the prosecutor's testimony because the defendant failed to establish that the testimony was material to an issue in the case and not easily available from other sources. 747 F.2d 1172, 1176 n.5 (7th Cir. 1984); see also Watson, 952 F.2d at 986 (stating that, as a general rule, where the evidence can be obtained through another witness, courts have refused to allow the defendant to call the prosecutor); Roberson, 897 F.2d at 1098 (concluding that there was no compelling need to call the prosecuting attorney where other witnesses were available to testify about plea negotiations); Dempsey, 740 F. Supp. at 1297. Thus, in order to show a compelling and legitimate need for Love's testimony, defendant must show both that (1) it is relevant (i.e. material and probative, see Fed. R. Evid. 401), and (2) there are no other witnesses or alternative sources of evidence available to establish the point defendant seeks to prove with Love's testimony.

Defendant advances 21 reasons – labeled a. through u.– followed by three unlabeled reasons in support of his contention that "[t]he testimony of Mr. Love is now essential and necessary due to the revelations of other witnesses in this matter, and the available evidence showing his participation in and approval of improper investigatory techniques relating to this matter."

> **a. Mr. Love was present when agent Dalide testified, and lied, that he does not remember making certain statements while in the presence of the Defendant, and the witness Jeffrey Steinback, relating to the matter of specific recollection of events that occurred during the meeting in which he and Mr. Love was present and necessary to impeach his testimony, since Mr. Love was present and was a witness to what Mr. Dalide said.**

Defendant claims that he requires Love's testimony to impeach Dalide's testimony that during a plea negotiating meeting with defendant, Steinback, Special Agent Daley, and Love, he did not remember saying, and would not have said, that he did not want defendant's cooperation in more than one matter so that the case could be finished more quickly. Defendant has not shown how this statement -whether Dalide said it or not- is material to the issues raised in his motion to withdraw his plea of guilty. Defendant contends generically that he pleaded guilty without being fully informed as to the plea or with sufficient advice from counsel. Even if Dalide did make the statement that defendant claims he did, then defendant knew that Dalide wanted his cooperation to be limited to one case and to conclude quickly and defendant entered the plea with that knowledge. Defendant does not claim he would not have pleaded guilty had Dalide not made the statement. Consequently, defendant has failed to show the relevance of Love's testimony concerning Dalide's purported statement. Moreover, defendant admits that others were present at this meeting who could have been called and asked about what Dalide said at this meeting. See Dempsey, 740 F. Supp. at 1297. Therefore, defendant has not satisfied either prong of the compelling and legitimate need test

with respect to his reason a. for Love's testimony.

> **b. Mr. Love was present in one meeting with Mr. Steinback in which he and a representative if [sic] the IRS presented the calculations of the purported income calculations and taxes due and the method of calculating them, that was prevented by Mr. Love to be explained at this evidentiary hearing due to the limitation imposed by Mr. Love, only he can explain the calculations.**

Reason b. fails the materiality prong of the legitimate and compelling need test. Agent Daley testified that she and another agent prepared the calculations and delivered them to Love and, therefore, defendant has not shown that Love could explain the tax calculations if called upon to do so. More importantly, as pointed out by the government, the amount of tax loss is an issue for sentencing. In any event, defendant has not explained how the presentation of the tax loss at this meeting affected his decision to plead guilty, rendered his guilty plea unknowing or involuntary, or could otherwise provide a fair and just reason to withdraw his guilty plea. After all, defendant knew what these tax calculations were at the time he decided to plead guilty, and in his plea agreement he specifically agreed that the loss was more than $200,000 but not more than $400,000, while acknowledging that this sentencing guideline component would ultimately be determined by the court at sentencing. Therefore, defendant has not satisfied the compelling and legitimate need test as to his reason b. for Love's testimony.

> **c. Mr. Love and Mr. Steinback were the only persons present in discussing the plea conditions and the waiver of the statute of limitations, as well as the number of times and dates that he met with Mr. Steinback during the time he was negotiating the Plea, which was essentially the same plea rejected by the Defendant, that was alleged to be discussed often with Mr. Love that is central to this Motion to Withdraw the Plea, and thus Mr. Love is an indispensable witness relating to the discussions at that meeting.**

Steinback has testified at length regarding his plea negotiations with Love including an explanation of the reasons for his recommendation to defendant that he waive the statute of limitations potentially applicable to Count I. Accordingly, defendant has not established that he lacks an alternate source for this evidence. See Roberson, 897 F.2d at 1098. Moreover, this court has previously held that Steinback can provide testimony as to his negotiations with Love and, therefore, there is no need to require Love to testify on this issue. (See Dkt. No. 228.) Therefore, defendant has not satisfied the compelling and legitimate need test as to reason c. for Love's testimony.

> **d. Mr. Love is the only person that can collaborate [sic] or impeach the testimony of Mr. Steinback relating to the matter in which Mr. Steinback made several what can be considered perjurious remarks about the discussions with Mr. Love, relating to the plea negotiations.**

According to defendant, Steinback's "perjurious remarks are related to Mr. Steinback's statements that he spent a great deal of time negotiating the new plea" when in fact it was essentially the same plea that defendant had already rejected. Defendant does not direct the court to the page in the transcript where this purported perjury occurred. Nevertheless, Steinback testified that he

spent much effort convincing the government to re-engage in plea negotiations after defendant and his former counsel had soured those prospects. Moreover, it is unclear how the amount of time Steinback actually spent negotiating the plea is material to the issue of his effectiveness in recommending that defendant enter the plea agreement where defendant has claimed that Steinback was deficient in not obtaining discovery and in advising defendant to waive the statute of limitations as to Count I. Consequently, defendant has not satisfied the compelling and legitimate need test as to reason d. for Love's testimony.

>**e. Mr. Love has written a letter to attorney Bourgeois, introduced in this matter stating that he had no intention or information with which to charge the Defendant in this matter with any additional matters, yet Mr. Steinback testified that Mr. Love had informed him that he had a number of other matters he would charge with if Mr. Steinback did not agree to the plea as presented, and would be an indispensable witness to impeach that testimony or show th[e] lack of truthfulness by Mr. Love.**

Defendant has indicated in his reply that he is referring to defendant's exhibit 7 which is a January 11, 2008, email from Bourgeois[1] to defendant. Defendant claims that in the email Bourgeois indicates "that Mr. Love advised him that he has no intention to indict . . . and he does not know of any other criminal acts by the Defendant." Defendant maintains that Love's statement, as reported by Bourgeois, is inconsistent with Steinback's testimony that Love had informed him that he had other charges he would bring against defendant if he did not agree to enter the plea agreement.

Bourgeois' email to defendant actually reads, in pertinent part, as follows:

> Mr. Love will agree that he will not bring up any other alleged wrongdoing as relevant conduct. Mr. Love has assured me that he knows of no additional criminal acts and that he has no intention of indicting you for anything else. However, he will not agree to any sort of immunity agreement.

(Def's Ex. No. 7.) One reasonable interpretation of this email is that the words "no additional criminal acts" refer to conduct apart from the "other alleged wrongdoing" that Love agreed not to bring up at sentencing as relevant conduct which, of course, could include other criminal activity, see U.S.S.G. § 1B1.3. However, the email read differently relates a bald statement by Love that he knows of no criminal acts apart from the wire fraud and income tax evasion charges that were ultimately brought against defendant in this case. Such a reading is, of course, inconsistent with Steinback's testimony that "I believed the government counsel when he told me that there were other potential criminal matters that could be brought and that would not be brought in view of a guilty plea, and that was important in my judgment back then." The court recognizes the possibility that an on-going investigation of defendant's conduct may have revealed other criminal activity on defendant's part to Love after the Bourgeois email but before interacting with Steinback. Consequently, the court deems it too premature to assess defendant's need to call Love for this purpose. The government has not yet presented its evidence on defendant's motion to withdraw his

---

[1]This email may have been written for Bourgeois by someone named Mittelstadt but that is of no consequence to what Bourgeois related to defendant.

4

guilty plea. When it does so, this issue may be cleared up –either through testimony of case agents or Love may decide to testify himself on this issue. After the government presents its evidence, defendant will be free to again request to call Love in rebuttal for this reason e., if at that time he believes he can show a compelling and legitimate need.

> **f. Mr. Steinback testified that Mr. Love informed him that the Defendant has bought and sold numerous businesses over a period of years and that in selling such businesses the Defendant had grossly inflated and manipulated the earnings and profits of such businesses in order to achieve a high value on their sale. This statement is necessary to be collaborated [sic] or disavowed by Mr. Love since the Defendant had never sold such businesses, and Mr. Love's reply to this representation will prove if he was indeed lying to Mr. Steinback to mislead him during his negotiations for the plea, and allowed the Defendant's counsel to be grossly misled during crucial negotiations of the plea. Mr. Steinback testified that he believed Mr. Love's representations and believed them to be true.**

Based on the rationale stated above as to defendant's reason e. for calling Love, the court also finds it too premature to decide if reason f. meets the compelling and legitimate need test. The government's case may reveal the information the government had regarding frauds defendant may have committed in connection with selling other businesses. After the government presents its evidence, defendant will be free to again request to call Love in rebuttal for this reason f., if at that time he believes he can show a compelling and legitimate need.

> **g. Mr. Steinback testified that Mr. Love never provided him with the compulsory discovery or any discovery in his possession of some 46,000 documents and that he was never asked to do so, and this needs to be collaborated [sic] by Mr. Love.**

Again, the government has not taken issue with this part of Steinback's testimony except to indicate that Steinback testified that he did review some documents. As such, there is no need to corroborate this testimony. The government notes that its duty to provide discovery under Local Criminal Rule 16.1 never arose because that Rule requires that "[w]ithin 7 days after the arraignment the United States attorney and the defendant's attorney shall confer and attempt to agree on a timetable and procedures for [making various discovery disclosures]," L. Crim. R. 16.1, and in this case defendant pleaded guilty at his arraignment. Love has represented to the court since the plea that he has provided more discovery in this case than the law requires. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason g. for Love's testimony.

> **h. The Defendant alleges in his Motion to withdraw the plea, that Mr. Love personally authorized an improper and overreaching investigation, involving a nationwide search for and interview of unnecessary witnesses in this matter, including but not limited to, every person that ever received a check payment from the Defendant or his business, who were intimidated and coerced into providing information based on the false representation and description of their reason for investigating the Defendant and that such investigation did not yield any (emphasis added) facts that were used to create the charges in this**

5

matter. Only Mr. Love can admit or deny these facts.

While under certain circumstances some forms of prosecutorial misconduct could be grounds to withdraw a guilty plea, see e.g. United States v. Hughes, 325 F.2d 789, 791 n.2 (1st Cir. 1964), in this case defendant has not directed the court to any evidence of improper investigatory tactics –only unsupported conclusory statements. Defendant refers to the "Omaha witness," but did not call him as a witness or provide any evidence to establish that this person was coerced into providing information. Even assuming that such misconduct occurred, defendant has not explained how the misconduct is relevant to his motion to withdraw his plea of guilty because he has not explained how it caused him to enter an unknowing or involuntary plea of guilty or otherwise constitutes a fair and just reason for withdrawing his plea. This is especially true since, as defendant emphasizes, the purported improper investigatory techniques did not produce any evidence in support of the charges to which defendant pleaded guilty. Defendant has not cited a case –nor has the court on its own located a case– where "improper investigatory techniques" that did not yield any evidence against the defendant constituted a fair and just reason for allowing a defendant to withdraw his plea. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason h. for Love's testimony.

> **i. Mr. Love is the only person that can attest to the fact that the investigators who were sent out across the entire country did in fact record properly all the information gathered and the specific introduction that was made by such investigators as to the description of the allegations that they were investigating, and what were his instructions to these investigators.**

Defendant has not established that such testimony is relevant to the pending motion. Moreover, defendant has not explained how Love, as opposed to the investigators, could provide this testimony. As such, defendant has not shown the unavailability of an alternate source for this testimony. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason i. for Love's testimony.

> **j. Mr. Love is the only person that can testify as to his knowledge that Mr. Steinback was not properly informed as to all the information that was gathered in this matter and in his possession that was not turned over for compulsory review or otherwise.**

Defendant's reason j. for calling Love is not meaningfully distinguishable from his reason g. and fails on the same basis his reason g. failed. In his reply, defendant suggests that he should be permitted to ask Love if he believes he should have "nudged" Steinback to ask for the discovery because it was in the interest of fairness and justice. This purpose assumes that a defendant cannot enter a knowing and voluntary guilty plea without his attorney reviewing the discovery. That is not the law. See United States v. Underwood, 174 F.3d 850, 854 (7th Cir. 1999) ("[A] a guilty plea entered by a defendant who does not see the prosecution's hand in advance will still be voluntary if, as was true in this case, the plea follows disclosure of an adequate factual basis."); see also United States v. Johns, 74 F. App'x 633, 634 (7th Cir. 2003); United States v. Driver, 65 F. App'x 93, 94 (7th Cir. 2003). Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason j. for Love's testimony.

**k. Mr. Love is the only person that can verify that he was informed that the Defendant was adamant about not allowing the use of waiver the Statute of Limitations, to be utilized as he was so informed by the Defendant.**

The defendant points to his exhibit 13, a letter he wrote to Love on January 22, 2008, in which he takes issue with his proposed waiver of the statute of limitations. However, defendant provides neither theory nor authority for his assumption that Love's knowledge of defendant's previous position about waiving the statute of limitations is relevant to his motion to withdraw his guilty plea. In other words, there is no apparent relevance to evidence showing that in January 2008 defendant was hesitant to waive the statute of limitations as to Count I, if he ultimately decided to do so when he entered his guilty plea in October 2008. Further, Love does not need to verify that he was aware that defendant was at one time concerned about waiving the statute of limitations. Defendant's exhibit 13 itself serves as an alternate source for this evidence. Having failed to establish any relevance or no alternative source, defendant has not satisfied the compelling and legitimate need test with respect to his reason k. for Love's testimony.

**l. Mr. Love is the only person that can collaborate [sic] or refute the allegation in the Motion to Withdraw the Plea that he continued to authorize the continued harassment of the Defendant and to interfere in his business after the conclusion of his investigation by harassing new clients and acquisition prospects with bogus claims of a continued investigation, when no such actually exhausted [sic] and was concluded.**

Defendant has not provided any evidence of such conduct by Love. In his reply, he claims that he was informed by "Zaugs Vending in Wisconsin" that they were contacted by Love, or investigators acting at Love's behest, and were told that defendant was being investigated, causing him to lose clients and income. This claim, however, is not supported by evidence from defendant, someone at Zaugs Vending, or any other evidentiary means. Moreover, to the extent that defendant is referring to Love's post-plea conduct, he has not explained how it could have any bearing on his decision to plead guilty on October 17, 2008. Consequently, defendant has not shown how this alleged conduct is relevant to the claims in his motion to withdraw his plea of guilty. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason l. for Love's testimony.

**m. Mr. Love is the only person that can impeach the testimony of Mr. Close or verify that he specifically compelled him to testify before the grand jury knowing that he retired from the position of judge, shortly after an investigation found that he was involved in some way in the massive Cook County judicial scandal and that he would be unwilling as a result to represent the Defendant in this matter.**

Defendant has not identified the testimony of Close that he desires to impeach with Love's testimony. As a result, the court cannot determine if he has met the compelling and legitimate need test. Nor has defendant established the relevance of Love's testimony concerning his subpoenaing Close before the grand jury testimony. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason m. for Love's testimony.

> **n. Mr. Love is the only person that can answer why he specifically sought to improperly intimidate the Defendant, compelling his appearance in front of the grand jury after being informed by Defendant's counsel that Defendant would use his right under the Fifth Amendment to all questions that may be posed to him, on the advice of counsel, knowing that it was improper to compel his appearance under the circumstances.**

Defendant has neither provided or even identified any evidence concerning his being improperly called as a witness before the grand jury. Even if there were such evidence, defendant has not explained how this occurrence caused him to later plead guilty unknowingly or involuntarily or otherwise creates a fair and just reason to allow him to withdraw his guilty plea. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason n. for Love's testimony.

> **o. Mr. Love is the only person that can testify under oath that he has produced all the documents that he gathered relating to this matter and that all has been turned over to the Defendant, as he was never compelled to certify as such under oath, and had previously failed to provide discovery documents in his possession until being compelled by this Court to do so.**

Love has represented to this court, both orally and in writing, that he has provided defendant, and his former counsel, with even more discovery in this case than is required by law. (See Dkt Nos. 72 & 83.) Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason o. for Love's testimony.

> **p. Mr. Love is the only person and an indispensable witness relating to his verification and impeachment or verification of the testimony of the witness Jeffrey Steinback, relating to the discussions and negotiations that took place between them, and this is a central evidentiary evidence and testimony relating to the Motion to Withdraw the Plea.**

Defendant does not identify the testimony of Steinback that he purportedly needs to verify or impeach with Love's testimony. Moreover, defendant does not need to call Love to verify any of Steinback's testimony that is not disputed by the government. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason p. for Love's testimony.

> **q. Mr. Love is the only indispensable witness to testify if he was one of the hundreds of Department of Justice Assistant U.S. Attorneys, identified by the Project on Government Oversight (POGO), which documented 650 cases of infractions by the Office of professional Responsibility that involved violations of rules, laws or ethical standards governing their work. These violations included misleading the courts, withheld evidence that would have helped defendants, abused prosecutorial and investigative power and violated constitutional rights of investigator's targets. This is necessary as the OPR does not publicly disclose the names of the violators. The actions that Mr. Love is accused of by the Defendant would fall under these allegations of violations engaged in by AUSA's throughout the country.**

Defendant offers nothing but speculation to support his claim that Love was one of the Department of Justice attorneys identified by the Project on Government Oversight as having committed ethical violations. Even if Love were, as defendant speculates, one of the attorneys identified, defendant fails to articulate how the testimony he seeks is relevant to the ineffective assistance of counsel, breach of plea agreement, or prosecutorial misconduct issues he has raised in his motion to withdraw his plea of guilty. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason q. for Love's testimony.

>**r. Mr. Love is the ONLY person that can testify as to why after two years of cooperation with him personally advising the court as to the valuable information that was obtained as a result of the Defendant's cooperation, he unilaterally decided to not use any of the information to benefit the Defendant, and can collaborate [sic] or refute the meeting that was or was not held as referred to in hearing Exhibit D-46, relating to the negotiation on this point with Mr. Love.**

Defendant has failed to show how this testimony is relevant to his breach of plea agreement contention, the first contention he advances in support of his motion to withdraw his guilty plea, in light of the following term within that agreement: "Defendant understands that it is solely within the government's discretion whether to move for a reduction in his sentence, and he agrees not to challenge the government's decision if it determines in its discretion that such a motion is not appropriate." (Dkt. No. 8, ¶13) A defendant "must make a substantial threshold showing that the government improperly withheld a substantial assistance motion before he can receive a remedy or even discovery or an evidentiary hearing on this issue." United States v. Billings, 546 F.3d 472, 475 (7th Cir. 2008) (quotation marks omitted). Defendant cannot advance his claim that the substantial assistance motion is being withheld improperly without a substantial threshold showing "'that the refusal was based on an unconstitutional motive,' or 'was not rationally related to any legitimate Government end.'" Id. (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992)); see also United States v. Obeid, 707 F.3d 898, 901 (7th Cir. 2013) (applying same standard in the context of a Rule 35(b) substantial assistance motion). Defendant has made no such showing in this case. Defendant's exhibit 46, a January 2011 email exchange between defendant and Steinback concerning efforts to provide cooperation to the government, is not sufficient. There is no dispute that defendant attempted to cooperate with the government after his plea. However, the government, apparently, did not find his attempt to be satisfactory. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason r. for Love's testimony.

>**s. Mr. Love is the only person that can testify regarding the specific information that was gathered relating to this matter and why he continued to do so without specific authority as required, each 6 months of the process, that continued for approximately 5 years.**

Defendant has not shown that Love is the only witness who can testify about the information gathered during the investigation. Defendant has all that information in the form of the discovery he was provided and could have, or did, ask the various case agents what information they gathered. As for authority to conduct the investigation, defendant has not provided a legal or factual basis for his conclusion that the investigation was conducted without authorization. Even if the investigation

had been conducted without authority in violation of some unidentified Department of Justice regulation or directive, defendant has not explained how that circumstance is relevant and would support his effort to withdraw his guilty plea. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason s. for Love's testimony.

**t. Mr. Love is the only person that can testify as to why he specifically did not adhere to FRE Rule 611 (b), in not limiting his questions to the witness Jeffrey Steinback as required by the Rule, while knowing that going beyond the limits placed on cross examination was in violation of the Rule, and taking advantage of the Pro-se Defendant.**

Defendant has not demonstrated a violation of Rule 611(b), let alone a need to examine Love about such an occurrence. Compliance with the Federal Rules of Evidence is a matter entrusted to this court's sound discretion and any claimed evidentiary error during this hearing may ultimately be raised on appeal. Consequently, Love's testimony as to his opinion on whether those Rules were violated is irrelevant. As such, defendant has not established that a violation of Rule 611(b) is relevant to his motion to withdraw his plea of guilty.

In any event, at least with respect to the first day of Love's cross-examination, as noted in earlier orders, defendant made no contemporaneous "beyond the scope of direct" objections during the government's cross-examination of Steinback and thereby waived the issue. Had such an objection been made, however, it would have been subject to the court's discretion to "allow inquiry into additional matters as if on direct examination." See Fed. R. Evid. 611(b) ("The court may). Therefore, defendant has not satisfied the compelling and legitimate need test with respect to his reason t. for Love's testimony.

**u. Mr. Love is the only person that can testify as to the truthfulness and accuracy of the letter to Defendant written by attorney Adam Bourgeois since he is now deceased, that stated that Mr. Love had told him that he had no intention to indict the defendant or charge him with any other criminal acts.**

Based on the rationale stated above as to defendant's reason e. for calling Love, the court also finds it too premature to decide if reason u. meets the compelling and legitimate need test. After the government presents its evidence, defendant will be free to again request to call Love in rebuttal for this reason u. if at that time he believes he can show a compelling and legitimate need.

Defendant also makes three additional unlabeled arguments:

**AUSA Michael Love is the only person who conducted, organized and took the responsibility for the conducting of the 5 year investigation in this matter and is an integral and necessary witness in this evidentiary hearing to determine if his action were proper and lawful, and if they contributed to and related to the prosecutorial misconduct during the investigation of and negotiation of the plea agreement with defense counsel.**

This reason is not meaningfully distinguishable from defendant's reason h. for calling Love. Again, however, defendant fails to identify any evidence of impropriety during the investigation or, assuming impropriety, to explain how it would provide a basis for him to withdraw his guilty plea. Therefore, this testimony is not relevant and defendant has not satisfied the compelling and

10

legitimate need test with respect to this testimony.

Defendant argues further that:

**It is necessary and vital to obtain the sworn testimony of AUSA Michael Love to obtain his reply as to whether his actions in the investigation of this matter violated the standards set forth as the ABA STANDARDS FOR CRIMINAL JUSTICE PROSECUTORIAL INVESTIGATIONS described as follows: [allegations of the breach of various ABA Standards].**

Defendant has failed to present anything other than conclusory statements to support his contention that Love violated various ABA Standards during the investigation of his case. Moreover, defendant fails to establish how such violations, if they occurred, are relevant to the issues he raises in his motion. In his reply, defendant argues that an attorney's violation of an ethical rule can result in discipline and even suspension. While that is true, it does nothing to establish the relevance of an ethical violation to the issues raised in defendant's motion to withdraw his guilty plea. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to this testimony.

Defendant argues even further:

**Mr. Love is the only witness who can describe the exact nature of the disclosures provided to Mr. Steinback and the description to him of the investigation that was conducted by the government.**

This is not so. Steinback can and has testified on this subject such that defendant has failed to establish that he lacks an alternative source for this testimony. Moreover, as noted above, there is no need to call Love to testify on this subject because there is no dispute that Steinback did not seek and the government did not provide complete discovery prior to defendant's October 17, 2008 guilty plea. Therefore, defendant has not satisfied the compelling and legitimate need test with respect to this testimony.

Finally, defendant argues that Love cannot claim any immunity from being called as a witness. The government makes no claim of immunity.

For the above reasons, the court concludes that defendant has not carried his burden and, therefore, his amended motion to compel the appearance of Love as a witness is denied.

Date: 3/13/2015                    ENTER:

_____
FREDERICK J. KAPALA

District Judge